13-3970-cv
Virga v. Concore Equip., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

JOHN J. VIRGA, in his fiduciary
capacity as Funds Director, MASON
TENDERS DISTRICT COUNCIL WELFARE
FUND, PENSION FUND, ANNUITY FUND, AND
TRAINING FUND, MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK,
         <u>Plaintiffs-Appellants</u>,

         -v.-                                    13-3970

CONCORE EQUIPMENT, INC., PATRICIA
RICE, a/k/a PAT RICE,
         <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:          CHRISTOPHER A. SMITH, Trivella &
                         Forte, LLP, White Plains, N.Y.

**FOR APPELLEES:**                    DEKE W. BOND, Gorlick, Kravitz & Listhaus, P.C., New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Concore Equipment, Inc. and its owner, Patricia Rice (collectively, "Concore"), appeal from the judgment of the United States District Court for the Southern District of New York (Sweet, J.), denying their motion to dismiss for lack of subject matter jurisdiction, finding that Concore breached a binding settlement agreement, and ruling that Rice was personally liable under that agreement. As the district court observed, "[t]his action is the culmination of the effort of the Plaintiffs, beginning in 2003, to enforce a collective bargaining agreement." Mason Tenders Dist. Council of Greater N.Y. v. Concore Equip., Inc., 2013 WL 5303756, at *1 (S.D.N.Y. Sept. 20, 2013). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 2003, Mason Tenders District Council of Greater New York, Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Fund, and John J. Virga, in his capacity as the Director of the funds (collectively, "Plaintiffs"), initiated an action against Concore and Rice in her personal capacity to recover delinquent fringe benefit contributions, dues checkoffs and political action committee contributions. In 2006, during a court-ordered settlement conference, the parties entered into a settlement agreement (the "Settlement Agreement") and the court dismissed the case. Plaintiffs then filed a motion for summary judgment to enforce the Settlement Agreement.

The district court dismissed that motion for lack of jurisdiction (the "2008 Order"), reasoning that "[a]bsent a provision in the order of dismissal obligating the parties to comply with the terms of the settlement agreement or incorporation of the terms of the agreement in the order," it was "without ancillary jurisdiction to enforcement the agreement." Mason Tenders Dist. Council, Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund v. Concore

2

*Equip., Inc.*, 2008 WL 4443836, at *2 (S.D.N.Y. Sept. 29, 2008).

In 2010, Plaintiffs filed an action seeking to reinstate the earlier litigation, enforce the Settlement Agreement pursuant to the Labor Management Relations Act ("LMRA"), hold Rice personally liable, and compel an audit of Concore's books under the terms of its collective bargaining agreements. Plaintiffs moved for summary judgment; Concore cross-moved to dismiss. In an opinion and order dated November 10, 2011 (the 2011 Opinion and Order), the court vacated the 2008 Order, reopened and consolidated the earlier litigation, concluded the Settlement Agreement was valid and binding, that Concore had breached the Settlement Agreement, and that Plaintiffs were entitled to an audit. See generally Mason Tenders Dist. Council of Greater N.Y. v. Concore Equip., Inc., 2011 WL 5548912 (S.D.N.Y. Nov. 10, 2011). The court denied Plaintiffs' summary judgment motion only to the extent that it sought to hold Rice personally liable for the Settlement Agreement; the court identified an issue of fact as to whether Rice intended to be personally bound. Id. at *11-13.

In reaching its jurisdictional ruling, it concluded that there was "ample evidence that the Court intended to place its judicial imprimatur on the settlement, and, as a result, the Court retain[ed] jurisdiction to enforce the . . . [Settlement] Agreement." Id. at *8. The court determined that, in the alternative, it had jurisdiction over the Settlement Agreement under LMRA § 301(a), which provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

In January 2013, the district court conducted a bench trial on the remaining issue of Rice's personal liability and ruled that Rice is personally liable under the

Settlement Agreement.  Concore moved to dismiss based on lack of subject matter jurisdiction; the district court denied this motion with leave to submit additional briefing.

     In May 2013, Concore moved, before the district court, to dismiss for lack of jurisdiction on the grounds set forth in the court's 2008 Order.  The district court denied this motion, reaffirming the grounds set forth in the 2011 Opinion and Order, including holding that jurisdiction was proper under the LMRA.

     The record and this Court's precedent foreclose the district court's conclusion that it retained jurisdiction to enforce the terms of the Settlement Agreement based on "ample evidence" that it "intended to place its judicial imprimatur on the settlement," Mason Tenders, 2011 WL 5548912, at *8.  See StreetEasy, Inc. v. Chertok, 752 F.3d 298, 304-05 (2d Cir. 2014) (holding district court lacked jurisdiction to enforce settlement agreement in previously dismissed case when court had not made obligation to comply with settlement's terms part of dismissal order).

     In dismissing the case in 2006, the district court stated: "Pursuant to the pre-trial conference held before the Court on 11-1-06 and the Court having been advised that this action is settled, IT IS ORDERED that the Clerk of the Court terminate all pending motions and this action is dismissed."  Mason Tenders, 2011 WL 5548912, at *8 (internal quotation marks omitted).  The district court's "order does not expressly retain jurisdiction over enforcement of the agreement, nor does it incorporate any of the terms of that agreement.  Instead, it merely acknowledges the existence of the settlement that precipitated the dismissal." StreetEasy, 752 F.3d at 305.  And, "the only order here was that the suit be dismissed."  Id. at 306 (internal quotation marks omitted).

     However, the district court properly concluded in the alternative that jurisdiction was proper pursuant to LMRA § 301(a).  The Settlement Agreement is a contract, see In re World Trade Ctr. Disaster Site Litig., 754 F.3d 114, 121 (2d Cir. 2014), and the Supreme Court rejected a narrow interpretation of the meaning of the word "contract" as used in § 301(a).  See Retail Clerks Int'l Ass'n, Local Unions Nos. 128 & 633 v. Lion Dry Goods, Inc., 369 U.S. 17, 25-28 (1962) (holding federal court should enforce strike settlement agreement, which "resolved a controversy arising

4

out of, and importantly and directly affecting, the employment relationship"); see also Drywall Tapers & Pointers of Greater N.Y., Local 1974 v. Operative Plasterers' & Cement Masons' Int'l Ass'n, 537 F.2d 669, 672-73 (2d Cir. 1976).

The district court's determination that Concore breached the Settlement Agreement was also sound. The handwritten Settlement Agreement, signed by the parties, is a "manifestation of mutual assent [that is] sufficiently definite to assure that the parties [were] truly in agreement with respect to all material terms." Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc., 487 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks omitted). True, the Settlement Agreement indicates that a "formal stipulation [would be] executed and filed," Mason Tenders, 2011 WL 5548912, at *6 (internal quotation marks omitted); but the Settlement Agreement is not conditioned upon the execution of a formal stipulation. Cf. Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007) ("[T]he intention to commit an agreement to writing, standing alone, will not prevent contract formation. . . . [A] voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed. The settlement remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." (internal quotation marks and citations omitted)).

Finally, we find no error in the district court's conclusion--after a bench trial--that Rice "consciously signed the [Settlement] [A]greement as a defendant" and is personally liable under that Agreement. Indeed, Rice signed the Settlement Agreement twice: once on behalf of Concore and once on her own behalf.

For the foregoing reasons, and finding no merit in Concore's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK